Brady L. Rasmussen (9619)
brasmussen@joneswaldo.com
Jeffrey D. Gooch (7863)
jgooch@joneswaldo.com
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
TELEPHONE: (801) 521-3200
FACSIMILE: (801) 328-0537

*Attorneys for the Plaintiff*

**IN THE THIRD JUDICIAL DISTRICT COURT
SUMMIT COUNTY, STATE OF UTAH**

| | |
|---|---|
| JUSUP SANDOVAL, <br><br> Plaintiff, <br><br> vs. <br><br> TECH DATA CORPORATION, PATRICK BATTON, JOHN DOE CORPORATION, JOHN DOE SNOWMOBILE DRIVER, and DOES I-X, <br><br> Defendants. | **COMPLAINT AND JURY DEMAND** <br><br> **(TIER 3)** <br><br> Case No.: <br><br> Judge: |

COMES NOW the Plaintiff, by and through Brady L. Rasmussen and Jeffrey D. Gooch of Jones Waldo, and hereby complains of Defendants and allege as follows:

**I.   PRELIMINARY STATEMENT**

1. This action arises out of a snowmobile incident in which Plaintiff Jusup Sandoval was struck in the leg by a snowmobile operated by Defendant Patrick Batton or John Doe Snowmobile Driver, and owned by Tech Data Corporation or John Doe Corporation.

II. **PARTIES**

2. Plaintiff Jusup Sandoval is a resident of Montana who was visiting Utah at the time of the incident.

3. On information and belief, Defendant Tech Data Corporation is a Florida Corporation, which does business in the State of Utah and was doing business in the State of Utah at the time of the incident.

4. On information and belief, Defendant Patrick Batton is a resident of Florida who was visiting the State of Utah at the time of the incident.

5. On information and belief, Defendant John Doe Snowmobile Driver was either a resident of, or visiting, the Stat of Utah at the time of the incident.

6. On information and belief, Defendant John Doe Corporation is either a Utah corporation, which does business in the State of Utah, or was doing business in the State of Utah at the time of the incident.

2. Does I-X are presently unidentified individuals and/or entities that through their acts or omissions may have been negligent in causing or contributing to the incident described hereinafter. Plaintiff reserves the right to name these individuals or entities as defendants in this action if said parties exist and when their identities are discovered.

III. **JURISDICTION AND VENUE**

7. Subject matter jurisdiction is proper in this Court pursuant to Utah Code Ann. § 78A-5-102(1).

8. This Court may exercise personal jurisdiction over Defendants because the injury was caused within the state.

9. Venue is proper in this Court pursuant to Utah Code Ann.§ 78B-3-307(a) and (b).

## IV. FACTUAL ALLEGATIONS

10. This action is the result of an injury suffered by Plaintiff Jusup Sandoval ("Jusup") on April 3, 2014, at the Thousand Peaks Ranch in Park City, Utah.

11. Jusup was on an employee retreat at the Thousand Peaks Ranch in Park City, Utah. He was a manager of a Simply Mac store in Bozeman Montana at the time.

12. Defendant Patrick Batton or Defendant John Doe Snowmobile Driver (hereinafter these two defendants are referred to collectively as ("Defendant Driver") was at the same retreat as an employee of Defendant Tech Data Corporation or Defendant John Doe Corporation (hereinafter these two defendants are referred to collectively as "Defendant Corporation").

13. On April 3, 2014, Jusup and Defendant Driver went on the same snowmobile excursion.

14. After a brief stop during the excursion, Defendant Driver was sitting on his snowmobile and Jusup was standing in front of it.

15. Defendant Driver accelerated the snowmobile he was riding and ran into Jusup.

16. The snowmobile struck Jusup in his legs and pinned him to another snowmobile, causing injury on impact.

V.   **CAUSES OF ACTION**

### A. NEGLIGENCE

17.   Plaintiff incorporates by reference the allegations contained in all paragraphs above.

18.   By the Defendants' actions, they breached duties of care to Jusup, including but not limited to:

    a)   Failure to keep a snowmobile under reasonable control and to operate it so as to avoid danger;

    b)   Failure to use reasonable care at all times to avoid injuring others.

19.   As a direct and proximate result of Defendants' negligence, Plaintiff Jusup Sandoval suffered injuries to be proven at trial.

VI.   **VICARIOUS LIABILITY**

20.   Plaintiff incorporates by reference the allegations contained in all paragraphs above.

21.   Defendant Driver was at all times pertinent to the claims and matters described above acting within the course and scope of their respective employment and/or agency.

22.   Defendant Corporation is responsible and vicariously liable for the negligence of employees.

VII.   **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jusup Sandoval prays for judgment against Defendants as follows:

    a.    For general damages for pain and suffering in an amount to be proven at trial;

    b.    For past and future medical expenses in an amount to be proven at trial;

    c.    For lost household services and recoverable services;

    d.    For past and future loss of enjoyment of life;

    e.    For past and future mental anguish and distress;

    f.    For past and future physical impairment;

    g.    For pre-judgment and post-judgment interest;

    h.    For costs of suit herein; and

    i.    For such further relief as this Court deems just and proper.

## VIII. DEMAND FOR TRIAL BY JURY

Plaintiff demands that a jury try all of the above issues and allegations.

DATED this 30th day of March, 2018.

                **JONES WALDO HOLBROOK & McDONOUGH, P.C.**

                */s/ Brady L. Rasmussen*
                Brady L. Rasmussen
                Jeffrey D. Gooch
                *Attorneys for the Plaintiff*